UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| SALUSTIANO RAMIREZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　Defendant. | CV 12-01279 (SH)<br><br>MEMORANDUM DECISION<br>AND ORDER |

I. PROCEEDINGS

This matter is before the Court for review of the Decision of the Commissioner of Social Security denying plaintiff's application for Social Security Disability Insurance Benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. Plaintiff and Defendant have filed their pleadings and memorandums of

points of authorities. The defendant has filed the certified administrative record (AR). The matter has been taken under submission.

## II. BACKGROUND

On November 12, 2008, Plaintiff filed an application for Disability Insurance Benefits (DIB) alleging disability since November 5, 2008. (AR 20, 292-93). He later amended his onset date to June 6, 2006 (AR 171-72). Plaintiff's application was denied on February 4, 2009 and denied upon reconsideration on April 30, 2009. (AR 20). Plaintiff requested an administrative hearing which was held before an Administrative Law Judge (ALJ). Three hearings took place on May 26, 2010, February 8, 2011, and February 25, 2011. (AR 42-166).

Following the hearings, the ALJ concluded that Plaintiff was not and had not been under a disability within the meaning of the Social Security Act during the period alleged through the date of the decision. (AR 20). The ALJ determined that Plaintiff suffered from morbid obesity, degenerative disc disease of the neck and lumbar spine, bilateral carpal tunnel syndrome, and right peroneal nerve neuropathy. (AR 22). However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equal one of the listed impairments. (AR 23). Furthermore, the ALJ found that: (1) Plaintiff has a residual functional capacity to perform light work; (2) Plaintiff is unable to perform past relevant work; and (3) that considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (AR 24, 34).

The Appeals Council denied review of the decision on July 16, 2012. (AR 1-6). This action followed.

## III. CONTENTIONS OF THE PARTIES

Plaintiff filed this action making six challenges to the ALJ's decision. Plaintiff contends that: (1) the ALJ committed legal error in not adequately assessing Plaintiff's testimony; (2) the ALJ failed to properly reject the opinions of the treating physician; (3) the ALJ failed to consider radiculopathy of the cervical spine; (4) the ALJ failed to properly consider Plaintiff's hand limitations; (5) the record supports a meeting or equaling of listing 1.04A; and (6) the ALJ's Residual Functional Capacity (RFC) is not supported by substantial evidence.

Defendant asserts that the ALJ reasonably discredited Plaintiff's testimony due to inconsistencies the ALJ found in Plaintiff's testimony and daily activities. Additionally, Defendant contends that the ALJ properly rejected the treating physician's opinion because it was unsupported by his treatment notes and inconsistent with the opinions of other doctors. Also, the Defendant argues that the ALJ properly considered Plaintiff's allegations of radiculopathy and hand limitations in determining the requirements for Listing 1.04A and Plaintiff's residual functional capacity.

For the reasons discussed below, the Court finds that the Plaintiff's first and second claims of error have merit. Since the matter is remanded for further proceedings based on Plaintiff's first two claims of error, the Court will not address Plaintiff's third, fourth, fifth, and sixth claims.

## IV. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389,401 (1971), but "less than a preponderance." Desrosiers v. Sec'y of Health and Human Servs., 846 F.2d 573,576 (9th Cir. 1988). This Court cannot disturb the Commissioner's findings if those findings are supported by substantial evidence, even

though other evidence may exist which supports Plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973); Cert. denied, Torske v. Weinberger, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

It is the duty of this court to review the record as a whole and to consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). The court is required to uphold the decision of the ALJ where evidence is susceptible to more than one rational interpretation. Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984). The court has the authority to affirm, modify, or reverse the ALJ's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

### B.    ISSUE NO. 1: The ALJ Committed Legal Error in Not Adequately Assessing Plaintiff's Testimony

Plaintiff contends that the Plaintiff provided testimony consistent with the inability to work and that the ALJ discounted Plaintiff's testimony for reasons that were not legally sufficient. In response, Defendant contends that the ALJ articulated valid reasons for finding Plaintiff not credible.

Whenever an ALJ's evaluation of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rahsad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent a finding of malingering, the ALJ must either accept Plaintiff's testimony as credible, or offer specific, "clear and convincing" reasons for rejecting subjective complaints regarding the severity of plaintiff's symptoms. Valentine v. Comm'r, 574 F.3d, 685, 693 (9th Cir. 1996). To determine whether the plaintiff's testimony regarding the severity of his symptoms is credible, the ALJ may consider: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning symptoms,

and other testimony by the claimant that appears less candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. Smolen v. Charter, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ may also consider the nature of Plaintiff's daily activities. Id. The claimant's daily activities, if rigorous enough to be a fair proxy for the demands of work, can constitute a basis to find allegations of disability pain (or other subjective symptoms) not credible. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); but see Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th Cir. 2001) (holding that "the mere fact that a plaintiff has carried on certain daily activities such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability").

Here, there is no assertion or evidence of malingering. The ALJ failed to provide "clear and convincing" reasons for rejecting Plaintiff's subjective complaints regarding the severity of his symptoms. Moreover, the ALJ has mischaracterized Plaintiff's testimony to create inconsistencies and has considered insubstantial daily activities as inconsistent with Plaintiff's allegation of disabling pain and other symptoms.

The ALJ states that Plaintiff's testimony was rejected because of several inconsistencies in Plaintiff's testimony. (AR 27). The ALJ found there to be inconsistent testimony with regard to Plaintiff's urine incontinence, driving activity, and computer usage. (AR 25-26). However, there is no inconsistency because Plaintiff's testimony was taken out of context by the ALJ. This constitutes error. Regenitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1297 (9th Cir. 1999) (It is improper to mischaracterize the evidence).

First, the ALJ asserts that Plaintiff's testimony about urine incontinence is inconsistent because Plaintiff had random leaks, but then reported urgency as well. (AR 25). However, Plaintiff's testimony is not inconsistent because he testified that he had

two different problems. (AR 124-126). There are times that he leaks, and there are times that he has urgency. (AR 124-126). This is not inconsistent.

Second, the ALJ asserts that there is inconsistent testimony about Plaintiff's driving activity. The ALJ claims that despite evidence of Plaintiff driving to doctors' appointments, the Plaintiff testified that he does not drive. The ALJ took Plaintiff's testimony out of context. Plaintiff said, "I don't drive, if I have to go anywhere *I will not drive with my medication* because it makes me drowsy." (AR 85) (emphasis added). When taken into context, it is apparent that Plaintiff was not reporting that he never drives. Rather, the plaintiff was reporting that he does not drive when feeling the impact of his medications. Again, there is no inconsistency.

Third, the ALJ asserts an inconsistency in computer use. The ALJ claims that Plaintiff testified he did not use a computer, yet was able to input information when he listed a piece of property for sale. (AR 25). However, Plaintiff did not say that he does not use a computer. Plaintiff testified that he has problems using his hands to type due to random spasms, and that this would make holding a job requiring long hours of computer use difficult. (AR 144,146-147). These statements are not inconsistent. It is possible to occasionally use a computer and yet be unable to maintain a job that requires computer use for eight hours a day.

Lastly, the ALJ improperly rejected Plaintiff's credibility when he referenced reports of Plaintiff's daily activities. The ALJ noted that Plaintiff reported to a medical examiner that he drove a car, dressed, bathed, performed personal hygiene, read as a hobby, paid bills, and handled cash on a daily basis. (AR 26). However, it is improper to rely on such evidence to discredit Plaintiff's testimony when those activities do not consume a substantial part of Plaintiff's day. Vertigan, 260 F.3d at 1049-50. There was no evidence or testimony regarding how long Plaintiff could engage in these activities. As reasoned in Vertigan, activities that Plaintiff testified as being able to do, does not support the contention that he could engage in work or similar activity for a longer period

6

when considering the pain involved. Id. at 1050. In stating that Plaintiff's activities "demonstrated Plaintiff was more functional than he claimed," the ALJ discredited Plaintiff's credibility without providing the bases for such conclusions. Plaintiff's testimony about feeling pain and numbness throughout the day does not wholly contradict his ability to do menial, daily chores around the house or occasionally drive to his doctors' appointments. The fact that Plaintiff can engage in these activities and yet still experience those symptoms does not suggest that Plaintiff is not credible. Therefore, the ALJ committed legal error by failing to provide clear and convincing evidence for rejecting Plaintiff's subjective complaints.

### C. ISSUE NO. 2: The ALJ Failed to Properly Reject the Opinions of the Treating Physician

Plaintiff asserts the ALJ failed to properly discount the opinion of the treating physician, Dr. Pospisil, because the ALJ provided several unsupported or legally insufficient reasons for rejecting his opinion. Defendant argues the ALJ properly afforded Dr. Pospisil's opinion little evidentiary weight because Dr. Pospisil's opinion was not supported by his treatment notes, and was based primarily on Plaintiff's subjective complaints, which the ALJ deemed not credible. (AR 33).

The opinions of treating physicians are entitled to special weight. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Even if the treating physician's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing specific, legitimate reasons supported by substantial evidence in the record. Id. at 830-31. The ALJ can meet this burden by "setting out a detailed summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Embry v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988).

The physician in question is Rick F. Pospisil, M.D., a Board Certified Orthopedic Surgeon. (AR 762). He was Plaintiff's primary treating physician through his workers compensation case. Dr. Pospisil diagnosed Plaintiff with cervical sprain/strain, thoracic sprain/strain with disc protrusion at L4-L5 and L5-S1, and bilateral carpal tunnel. (AR 758, 763). In his disability statement, Dr. Pospisil indicated that Plaintiff could not lift/carry more than 20 pounds occasionally (AR 779), could only sit three to four hours out of eight hours, could only stand/walk one to two hours out of eight hours, could only use his hands for simple grasping and fine manipulation (AR 780), and would miss more than three days of work a month (AR 782).

The ALJ rejected Dr. Pospisil's opinion that Plaintiff was unable to work a 40-hour work week, because Dr. Pospisil's disability statement was based on Plaintiff's statements, rather than objective medical findings. (AR 33). The ALJ also found that the doctor's severe work restrictions were not supported by the Plaintiff's treatment records. (AR 33).

The ALJ's finding that Dr. Pospisil's opinion was based on Plaintiff's statements rather than objective evidence is not a valid reason for rejecting the doctor's opinion. Contrary to the ALJ's statement, Dr. Pospisil's opinion was based on twelve medical visits with Plaintiff. (AR 701-37,753-72, 821-24). During these visits Dr. Pospisil examined the Plaintiff and performed tests on him. For example, Dr. Pospisil made an "examination of the cervical spine," tested Plaintiff's "deep tendon reflexes," and had Plaintiff undergo an "MRI of the neck" and "repeat nerve testing." (AR 662, 619, 631). Thus, Dr. Pospisil's opinion was based on observation and testing of Plaintiff and was not mere "patient accommodation" as the ALJ asserts. (AR 33).

Moreover, the ALJ makes several unsupported assertions regarding medical evidence from Dr. Pospisil. The ALJ alleged that the first report from Dr. Pospisil was not provided. (AR 30). This statement is incorrect. The initial report of Dr. Pospisil is in the administrative record. (AR 657-667). The ALJ also asserts that there was no treatment

by Dr. Pospisil from January 8, 2008 through April 28, 2009. (AR 30). This statement is also incorrect. The record shows that there were treatments on February 12, 2008 (AR 618-621), March 25, 2008 (AR 610-613), May 6, 2008 (AR 606-609), June 3, 2008 (AR 601-605), November 25, 2008 (AR 597-600), December 23, 2008 (AR 593-596), January 20, 2009 (AR 589-592), March 3, 2009 (AR 588), and March 31, 2009 (AR 584-587). Therefore, the ALJ failed to consider evidence supporting the treating physician's opinion.

The ALJ's second reason for rejecting Dr. Pospisil's opinion is also improper. The ALJ asserts that the limitations Dr. Pospisil imposed in his disability statement are not supported by the doctor's treatment notes because the same limitations were not written under the work status for the Plaintiff. (AR 33). However, as noted above, the ALJ failed to consider a substantial amount of treatment records from Dr. Pospisil. Although Dr. Pospisil's work status reports do not exactly match the limitations he was required to identify on the disability form, this does not make the two records inconsistent with each other. In his treatment notes and work status updates, Dr. Pospisil provides evidence consistent with Plaintiff being unable to work a 40-hour work week. For example, some of the treatment notes from Dr. Pospisil report that Plaintiff is "temporarily totally disabled" (AR 591, 603, 611, 619, 702) or that Plaintiff "remains incapable of functioning workwise" (AR 624). Therefore, Dr. Pospisil's reports are not inconsistent with each other, and the ALJ's finding that Dr. Pospisil's work restrictions are not supported by the Plaintiff's treatment record is not valid.

The ALJ failed to provide specific and legitimate reasons, supported by substantial evidence for not giving Dr. Pospisil's assessment significant weight. Accordingly, the ALJ erred in not affording Dr. Pospisil's assessment substantial evidentiary weight.

## V. CONCLUSION

For the forgoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: June 11, 2013

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE